[No. 16261.   Department Two.   April 14, 1921.]

JENNIE V. PALMER, *Appellant*, v. W. W. McBRIDE
et al., *Respondents*.[1]

HUSBAND AND WIFE (68)—COMMUNITY PROPERTY—SALE BY WIFE.
An agreement by the wife for the sale of community realty, made
without the knowledge or consent of the husband, is not enforce-
able where there was no element of estoppel binding the community.

Appeal from a judgment of the superior court for
King county, French, J., entered January 7, 1920, upon
findings in favor of the defendant and dismissal of an
action for specific performance. Affirmed.

*W. F. Hays,* for appellant.

*Burkheimer & Burkheimer,* for respondents.

PER CURIAM.—This is an action for specific perform-
ance. From a judgment of dismissal the plaintiff has
appealed.

The respondents, husband and wife, were the own-
ers of the real property involved. Without any au-
thority from her husband and without his knowledge,
Mrs. McBride, on February 15, 1918, delivered to D. B.
Bardell, a real estate agent, an unacknowledged writ-
ten contract of agency to sell the property on the in-
stallment plan. On March 7, 1918, the agent Bardell,
pursuant to an agreement to sell the property to the
appellant upon the terms stated in Mrs. McBride's
contract of agency, received from the appellant the
sum of $250 and gave her an earnest money receipt
accordingly, signed "Mrs. W. W. McBride, Seller, by
D. B. Bardell, Agent."

Shortly, upon learning of the circumstances, Mr.
McBride, who had not given Bardell any authority to
sell the property, gave notice to the appellant and Bar-

[1]Reported in 197 Pac. 613.

dell that he refused to be bound by the agreement of ·
his wife and her agent. Neither of the respondents
ever accepted any of the money paid by the appellant,
nor was anything done towards giving the appellant
possession of the property which was occupied by the
respondents as a family residence. After receiving
notice that Mr. McBride and his wife would not convey
the property or be bound to the appellant to do so, the
appellant surrendered to Bardell the earnest money
receipt he had given her and demanded, received and
accepted from Bardell repayment of the $250 earnest
money and gave him her receipt therefor. Subse-
quently this action was commenced.

This is a case, we think, in which the mere state-
ment of the facts argues the case in support of the
judgment.

Affirmed.